UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORLANDO CHINESE EVANGELICAL
CHRISTIAN CHURCH, INC.,

    Plaintiff,

vs.                                                            Case No. _____

FIRST NATIONAL INSURANCE COMPANY
OF AMERICA,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant First National Insurance Company of America, by and through undersigned counsel, pursuant to 28 U.S.C. sections 1332 and 1441(a), removes an action pending in the Circuit Court of the Eighteenth Judicial Circuit of Florida, in and for Seminole County, styled Orlando Chinese Evangelical Christian Church, Inc. v. First National Insurance Company of America, Case No. 2020-CA-001438, where Plaintiff Orlando Chinese Evangelical Christian Church, Inc. ("Plaintiff") sued First National Insurance Company of America ("First National") and states:

## TIMELY NOTICE OF REMOVAL

1.    Plaintiff sued First National in Seminole County Circuit Court for breach of contract arising from an alleged loss to the insured property.

2.    On June 24, 2020, the State of Florida Department of Financial Services served First National with the Complaint by electronic delivery to Lynette Coleman, the

designated agent for First National.[1]

3. This Notice of Removal is filed timely within thirty (30) days of First National's receipt through service of a copy of the initial pleading setting forth a claim for relief, pursuant to 28 U.S.C. section 1446(b).

## VENUE

4. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, because the state court action originated in Seminole County, Florida.[2]

## JURISDICTION

5. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. section 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. First National is entitled to remove this action, pursuant to 28 U.S.C. section 1441.

## COMPLETE DIVERSITY EXISTS

6. At the time of the lawsuit and the filing of this Notice of Removal, there was, and still is, complete diversity between Plaintiff (a citizen of Florida) and First National (not a citizen of Florida).

7. First National is not a citizen of Florida. It is not incorporated under the laws of Florida and does not have its principal place of business in Florida. First National is a corporation organized under the laws of New Hampshire, and its principal place of business is in Boston, Massachusetts. Accordingly, First National is a citizen of

---

[1] Exhibit A, Summons and Complaint.
[2] See Local Rule 1.02(b)(3); 4.02(a).

New Hampshire and Massachusetts for purposes of determining diversity under 28 U.S.C. section 1332(c)(1).

8. Plaintiff is a citizen of Florida. Plaintiff is a Florida Not For Profit Corporation organized under the laws of the State of Florida. Plaintiff's principal place of business is in Casselberry, Florida. The Annual Reports from 2017 to 2020 list Plaintiff's officers and directors. All of them are Florida citizens. Plaintiff is a Florida citizen for purposes of diversity jurisdiction.[3]

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. First National issued an insurance policy (the "Policy") to Plaintiff.[4]

10. The Policy has a 2 percent windstorm deductible.[5]

11. Plaintiff presented a claim to First National for damages to the building.

12. Plaintiff gave First National a repair estimate for $177,599.48 prepared by Nationwide General Contracting in support of its claim.[6]

13. First National has not paid Plaintiff anything for the claim.

14. The amount in controversy between Plaintiff and First National exceeds the $75,000 amount in controversy requirement for diversity jurisdiction, exclusive of interest and costs. The amount in controversy for indemnity insurance benefits related to Plaintiff's claim is $157,872.48.[7]

## COMPLIANCE WITH 28 U.S.C. § 1446

15. First National files copies of all process, pleadings, and orders served on

---

[3] Exhibit B. The annual reports (2017-2020) are official state documents from the Florida Department of State, Division of Corporations.
[4] Exhibit C.
[5] *Id.* at PDF pg. 28 of 183.
[6] Exhibit D.
[7] This indemnity amount is calculated based on Plaintiff's claimed building damages minus the Policy's 2 percent windstorm deductible.

3

it, and such other papers that are exhibits, as required by 28 U.S.C. section 1446, and the Local Rules of this Court.[8]

16.   Pursuant to 28 U.S.C. section 1446(d), First National provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. Attached to this Notice is a copy of all process, pleadings, and orders served upon First National, as required by 28 U.S.C. section 1446(a).[9]

WHEREFORE, Defendant First National Insurance Company of America respectfully requests that this Court exercise jurisdiction over this matter.

> BUTLER WEIHMULLER KATZ CRAIG LLP
>
> s/ Hudson Jones
> ---
> J. PABLO CÁCERES, ESQ.
> Florida Bar No.: 131229
> pcaceres@butler.legal
> PAUL HUDSON JONES II, ESQ.
> Florida Bar No.: 44290
> hjones@butler.legal
> Secondary:   jfan@butler.legal;
>            ssamsing@butler.legal
> 400 N. Ashley Drive, Suite 2300
> Tampa, Florida  33602
> Telephone:   (813) 281-1900
> Facsimile:   (813) 281-0900
> Attorneys for Defendant First National Insurance Company of America

---

[8] *See* Local Rule 4.02(b).
[9] Exhibit A.

4

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

    David R. Heil, Esq.
    David R. Heil, P.A.
    2324 Lee Road
    Winter Park, FL  32789-1750
    pleadings@heil-law.com
    Secondary:  david@heil-law.com
    Attorneys For:  Plaintiff

by Electronic Mail on July 20, 2020.

                        s/ Hudson Jones
                        PAUL HUDSON JONES II, ESQ.